UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

Plaintiff,

v().  CAUSE NO. 3:23-CV-437-DRL-JEM

WEXFORD HEALTH SERVICES *et al.*,

Defendants.

OPINION AND ORDER

Malcom D. Cobb, Jr., is a prisoner in the Miami Correctional Facility. Without a lawyer, he filed a complaint alleging he is being denied adequate medical treatment. ECF 1. Because of the seriousness of this claim, there is no time to review the other claims in the complaint before ordering a response. They will be taken under advisement and screened later as required by 28 U.S.C. § 1915A.

Mr. Cobb alleges he was discharged from the infirmary on May 22, 2023, though he is urinating blood on himself because he has not been provided medical supplies for four weeks. He alleges his intestines and rectum do not work properly and he must manually remove his feces. He alleges he has an infection and can hardly get out of bed. He alleges he is being denied blood pressure and pain medication. He alleges he has been told by three specialists that he needs two surgeries, but neither have been scheduled.

In his preliminary injunction motion, Mr. Cobb asks the court to order he be put back in the infirmary, given medication, and scheduled for surgery. ECF 4. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotations omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn,

> extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation, brackets, and citations omitted).

The Miami Correctional Facility Warden has both the authority and the responsibility to ensure that Mr. Cobb receives constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant, and Mr. Cobb will be allowed to proceed on an official capacity claim for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Miami Correctional Facility Warden as a defendant;

(2) GRANTS Malcom D. Cobb, Jr., leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to receive constitutionally adequate medical care for his urinary, bowel, and blood pressure issues as required by the Eighth Amendment;

(3) TAKES UNDER ADVISEMENT all other claims for later screening as required by 28 U.S.C. § 1915A;

(4) DIRECTS the clerk to request Waiver of Service from the Miami Correctional Facility Warden under 28 U.S.C. § 1915(d) by email to the Indiana Department of

3

Correction with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 4);

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Miami Correctional Facility Warden at the Miami Correctional Facility;

(6) DIRECTS the United States Marshal Service to **immediately** serve process by certified mail under 28 U.S.C. § 1915(d) on the Miami Correctional Facility Warden;

(7) ORDERS the Miami Correctional Facility Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than June 16, 2023, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how Malcom D. Cobb, Jr., is being provided constitutionally adequate medical treatment for his urinary, bowel, and blood pressure issues; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Miami Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the permanent injunction claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 26, 2023                                             *s/ Damon R. Leichty*
                                                        Judge, United States District Court