UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MALCOM D. COBB, JR., <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SERVICES, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-437-GSL-JEM |

OPINION AND ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, is currently housed at the Miami Correctional Facility. He filed a complaint alleging he is being denied constitutionally adequate medical treatment. ECF 1. He was granted leave to proceed against the Warden of the Miami Correctional Facility in an official capacity to obtain permanent injunctive relief to receive constitutionally adequate medical care for his ongoing urinary, bowel, and blood pressure issues as required by the Eighth Amendment. ECF 43.[1] Shortly after his complaint was filed, Cobb filed a motion for preliminary injunctive relief related to his medical concerns. ECF 4. The Warden was ordered to respond "describing/explaining how Malcom D. Cobb, Jr., is being provided

---

[1] He was also granted leave to proceed against Health Service Administrator LeeAnn Ivers, Dr. Kuenzli, N.P. Kim Myers, and Wexford Regional Director Dr. Mitchiff in their individual capacities for compensatory and punitive damages for failing to provide him with constitutionally adequate medical care for his urinary, bowel, and blood pressure issues in violation of the Eighth Amendment, as well as against Wexford of Indiana, LLC for compensatory and punitive damages for having a policy or practice in place at the end of its contract with the Indiana Department of Correction of considering cost savings to the exclusion of reasonable medical judgment that prevented him from receiving constitutionally adequate medical care for his urinary, bowel, and blood pressure issues. *See generally* ECF 43.

constitutionally adequate medical treatment for his urinary, bowel, and blood pressure issues." ECF 6 at 4. After considering the Warden's response—which contained over 175 pages of medical records—the court denied the motion(s) for preliminary injunction. *See* ECF 24. A review of the voluminous medical records the Warden submitted indicated:

> [Cobb] has been seen by outside medical specialists over fifteen (15) times from December 2020 to the present. ECF 17-1 at 1–3. Those appointments included a colonoscopy and several follow-ups, a CT of his abdomen and pelvis, several appointments with a gastroenterologist, a consult with a urologist, a transurethral resection of the prostate (TURP) surgical procedure and several follow-ups, a general surgery consult which resulted in a Sitz marker study being completed at MCF, and the approval of a second colorectal surgery specialist consult which was scheduled for sometime in July 2023. *Id*. Of particular relevance to the instant motion, Nurse Ivers also attests that Mr. Cobb has been seen by medical staff at MCF on a near daily basis from May 6, 2023 to June, 16, 2023, the date the response was docketed, 'unless he refuses, or on rare occasions, the medical staff is not able to locate him.' *Id*. at 3–4; *see also* ECF 17-2 & ECF 17-3 (medical records and list of medications administered). Those assessments include administering multiple medications for his pain, urinary, blood pressure, and colorectal issues. *Id*.

*Id*. at 3–4 (footnotes omitted). The court assessed the medical documentation as a whole and concluded that "[a]lthough it is obvious Mr. Cobb has a variety of serious medical ailments, he hasn't adequately shown the defendants are currently failing to treat them." *Id*. at 7 (citing *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 792 (7th Cir. 2022)). Subsequently, Cobb filed numerous other documents that alleged he was being denied certain medications, supplies, and procedures, but he admitted he had been getting ongoing care for a variety of ailments including receiving the colorectal surgery he has been seeking for years, being transported to outside hospitals for emergency treatment,

and being evaluated by an outside urology specialist for possible bladder surgery. *See id.* at 8–11; *see also* ECF 43 at 15–17.

Cobb has now filed a motion dated January 3, 2025,[2] entitled "Plaintiff's Emergency Request for Medical Treatment, As Defendant Parties are Withholding Treatment as Retaliation for Litigation." ECF 85. In it, he claims the defendants have "taken, removed, or withheld previous continuing treatment, and pain medication." *Id.* at 1. He claims he had been on antibiotics and pain medications due to the infections following his surgeries, but defendants Dr. Kuenzli and N.P. Kim Myers told him that officials "downstate" have ordered the removal of all Cobb's medications. *Id.* Specifically, he swears—under penalty of perjury—that he has been "without the pain medications and other medications for forty (40) days now." *Id.* at 2–3. He seeks a court order to return him to the "previous course of medical treatment and medications, including the previous pain medications." *Id.* at 2. The court will construe this motion as one for preliminary injunctive relief and direct the clerk to docket it as the same.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance

---

[2] The motion was dated by Cobb on January 3, 2025, but it was not received by the court until January 8, 2025. *See* ECF 85 (docketing note).

3

of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[3] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context,

---

[3] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

4

the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Here, Cobb claims he has been without any necessary pain medication and antibiotics for his ongoing urinary and bowel issues—which include post-surgical infections—for forty days. Considering the court has only Cobb's sworn version of events regarding that assertion at this time, it is difficult to assess whether a preliminary injunction is warranted. Accordingly, the court will order a response from the Warden before taking further action on Cobb's motion.[4]

For these reasons, the court:

(1) CONSTRUES Malcom D. Cobb, Jr.'s, motion (ECF 85) as a motion for preliminary injunctive relief;

(2) DIRECTS the clerk to docket the motion as a preliminary injunction (ECF 85);

(3) DIRECTS the clerk to fax or email a copy of this order and the motion (ECF 85) directly to the Warden at the Miami Correctional Facility; and

(4) ORDERS the Warden of the Miami Correctional Facility to file and serve a response to the preliminary injunction (ECF 85), as soon as possible but not later than **January 31, 2025**, (with supporting medical documentation and declarations from other

---

[4] Because the injunctive relief claim only applies to the Warden, the other defendants need not respond.

5

staff as needed) specifically describing/explaining whether, over the last forty days, Malcom D. Cobb, Jr., has been (and is currently being) provided with necessary pain medication and antibiotics for his urinary and bowel issues.[5]

SO ORDERED on January 10, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

---

[5] The response need not address any of Cobb's other claims at this time.