UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MALCOLM D. COBB, JR., <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SERVICES, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-437-GSL-JEM |

OPINION AND ORDER

Malcolm D. Cobb, Jr., a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding "against the Warden of the Miami Correctional Facility in an official capacity to obtain permanent injunctive relief to receive constitutionally adequate medical care for his urinary, bowel, and blood pressure issues as required by the Eighth Amendment[.]" ECF 43 at 18. Second, he is proceeding "against Health Service Administrator LeeAnn Ivers, Dr. Kuenzli, and N.P. Kim Myers in their individual capacities for compensatory and punitive damages for failing to provide him with constitutionally adequate medical care for his urinary, bowel, and blood pressure issues beginning on March 23, 2021, in violation of the Eighth Amendment[.]" *Id.* at 18-19. Third, he is proceeding "against Wexford Regional Director Dr. Mitchiff in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical care related to his urinary, bowel, and blood pressure issues from April 27, 2021 through June of 2021, in violation of the Eighth Amendment[.]" *Id.* at 19. Lastly, he is proceeding "against Wexford of Indiana,

LLC for compensatory and punitive damages for having a policy or practice in place at the end of its contract with the Indiana Department of Correction of considering cost savings to the exclusion of reasonable medical judgment that prevented him from receiving constitutionally adequate medical care for his urinary, bowel, and blood pressure issues from April of 2021 through June of 2021[.]" *Id.*

The defendants filed motions for summary judgment, arguing Cobb did not exhaust his available administrative remedies before filing this lawsuit. ECF 60, 65, 76. Cobb filed responses to the summary judgment motions, which he titled as cross-motions for summary judgment. ECF 72, 86. The defendants filed replies, and Cobb filed a motion for leave to file a sur-response. ECF 83, 84, 88, 96.[1] Cobb has also filed a motion requesting the court to accept his "Affidavit Showing Defendant Centurion's Neglect and Deliberate Indifference to Ongoing Serious Medical Need." ECF 98.[2] The summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has reviewed the contents of Cobb's sur-response, and concludes the arguments raised in the sur-response do not change the outcome of this case. Therefore, his motion for leave to file a sur-response will be granted.

[2] Cobb's affidavit relates to the merits of his claims against the defendants and is not relevant to the defendants' exhaustion defense.

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality

3

available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

    The defendants argue Cobb did not exhaust his available administrative remedies before filing this lawsuit because he submitted numerous relevant grievances but did not fully exhaust any of those grievances. Specifically, the Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Offender Grievance Manager. ECF 76-2 at 3. Cobb's grievance records show he submitted over a dozen grievances related to his medical care, but did not submit Level I appeals for any of these grievances after they were denied by the grievance office. ECF 76-1; ECF 76-4.

    In his response, Cobb concedes he never fully exhausted any relevant grievance. The court therefore accepts that as undisputed. Instead, Cobb argues his administrative remedies were unavailable because he tried to submit appeals for his grievances but was denied access to appeal forms. However, Cobb makes only a conclusory allegation he was denied access to appeal forms, and does not provide any evidence supporting this allegation.

4

Specifically, in his summary judgment responses, Cobb argues generally that he was denied access to appeal forms and cites numerous cases where the district court concluded an inmate's administrative remedies were unavailable. ECF 86-1 at 4-16. But throughout his numerous summary judgment filings, Cobb provides no clear explanation regarding what steps he took to obtain an appeal form. *See* ECF 72; ECF 86-1; ECF 96-1; *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (because prisoner failed to set forth specifics about why he was unable to exhaust, summary judgment for the defendants was proper). The "Offender Grievance Response Report" returned to Cobb for each of his grievances provided a section for Cobb to check that he "disagreed" with the response and request an appeal form, and Cobb doesn't argue or provide any evidence he ever did so. ECF 76-4 at 3, 7, 11, 15, 21, 26, 31, 36, 43, 49, 53, 56. Nor does Cobb argue or provide any evidence he ever wrote to the Grievance Specialist to request an appeal form. Cobb states he took "proactive and extraordinary steps" to exhaust his remedies, but does not describe what steps he took. *See* ECF 86-1 at 8; *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Cobb cites to three exhibits in support of his assertion that he was unable to appeal, but none of the exhibits show what steps he took to appeal his grievances. *See* ECF 72-2.

Cobb's first exhibit is a letter the Grievance Specialist wrote to a different inmate, informing the inmate that:

5

> The attached paperwork was sent to my office from the Offender Grievance Manager, I. Randolph.
> The Offender Grievance Manager does not accept communications outside of the established policy guidelines per Offender Grievance Process 00-02-301.

ECF 72-2 at 1. This letter suggests only that inmates should direct their communications to the Grievance Specialist rather than the Department Offender Grievance Manager, and does not show that any appeal remedy was unavailable to Cobb. Cobb's second exhibit consists of various articles from "A Jailhouse Lawyer's Manual," which discuss the exhaustion requirement but are not relevant to whether Cobb exhausted his remedies in this case. *Id.* at 2-3. And Cobb's third exhibit is an affidavit, in which he attests he has "attempted to appeal grievances at Miami Correctional Facility" but again provides no description regarding what steps he took to request or obtain an appeal form. ECF 72-1.

Here, to survive summary judgment, Cobb needed to "marshal and present the court with the evidence" he contends will prove his administrative remedies were unavailable. *See Goodman*, 621 F.3d at 654. Indeed, the notice provided to Cobb with the defendants' summary judgment motion informed him he needed to support his assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record." ECF 79 at 2. Cobb has not met this standard. Rather, he has provided only vague allegations that he was unable to access appeals forms, which is insufficient to create a genuine dispute. *See Gabrielle M.*, 315 F.3d at 822; *Schultz*, 728 F.3d at 620; *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not

6

enough") (quotation marks, brackets, and citation omitted); *Dale v. Lappin*, 376 F.3d 652, 655–56 (7th Cir. 2004) (noting that "bald assertions" are not sufficient to create a genuine issue of fact on exhaustion issue); *Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) (a prisoner must cite the record to create a material dispute regarding exhaustion of remedies); *Thomas v. Kolhouse*, No. 24-1351, 2025 WL 1483373, at *2 (7th Cir. May 3, 2025) (plaintiff's assertions that his administrative remedies were unavailable did not create a genuine dispute of material fact because he did not "cite admissible evidence in the record supporting these assertions"). Accordingly, Cobb's conclusory allegations that his appeal remedy was unavailable does not create a genuine dispute of material fact.

Lastly, Cobb also argues his administrative remedies were unavailable because he submitted some grievances for which he never received any receipt or response from the grievance office. ECF 72-1 at 1; ECF 86-1 at 7. But this does not show the Offender Grievance Process was unavailable to Cobb, as the Offender Grievance Process provides a remedy for inmates who submit grievances and never receive any receipt or response from the grievance office. Specifically, the Offender Grievance Process provides that "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 76-2 at 9. Cobb provides no evidence he complied with this requirement, which is a necessary step to exhaust

7

available remedies. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not notify the Grievance Specialist after not receiving a response to his grievance).

Accordingly, because the defendants have provided undisputed evidence Cobb did not fully exhaust any relevant grievance before filing this lawsuit, and Cobb provides no evidence showing his administrative remedies were unavailable, the defendants have met their burden to show Cobb did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS Cobb's motion for leave to file a sur-response (ECF 96);

(2) GRANTS the defendants' motions for summary judgment (ECF 60; ECF 65; ECF 76);

(3) DENIES Cobb's cross-motions for summary judgment (ECF 72; ECF 86);

(4) DENIES Cobb's motion requesting the court to accept his "Affidavit Showing Defendant Centurion's Neglect and Deliberate Indifference to Ongoing Serious Medical Need" (ECF 98)[3]; and

---

[3] Because summary judgment is warranted in favor of the defendants on the issue of exhaustion, this affidavit has no impact on the disposition of this case.

(5) DIRECTS the clerk to enter judgment in favor of the defendants and against Malcolm D. Cobb, Jr., and to close this case.

SO ORDERED on July 10, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT